UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,              No. 02-CR-80008-DT

vs.                                                  Hon. Gerald E. Rosen

ALEX BLESSING,

                Defendant.
_____/

ORDER DENYING MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255

      At a session of said Court, held in
      the U.S. Courthouse, Detroit, Michigan
      on     January 28, 2008

      PRESENT:  Honorable Gerald E. Rosen
                         United States District Judge

Alex Blessing pled guilty to one count of credit card fraud and was sentenced to one year and one day imprisonment, to be followed by three years of supervised release with the first 90 days to be served in "home confinement." Following sentencing, Blessing was remanded to the custody of the Bureau of Prisons with a recommendation that his term of incarceration be served at a Community Correction Center.

Blessing began his period of incarceration at the Monica House Corrections Center in Detroit. However, after serving three months in the CCC, there was a change in Bureau of Prisons procedures precluding Blessing's continued service of his sentence

1

at the CCC because he had more than 150 days left to serve. Blessing was notified of the change and was re-designated to a prison facility. He then filed the instant § 2255 seeking re-sentencing, claiming that when the Court originally sentenced him to one year and one day it did so based upon the inaccurate assumption that he could serve his sentence at a CCC.

§ 2255 relief is not available to Defendant under these circumstances.

The Supreme Court rejected a claim similar to that of Mr. Blessing in *United States v, Addonizio*, 442 U.S. 178 (1979). In that case, the petitioner sought to vacate his sentence after the United States Parole Commission modified its guidelines in a way that prevented petitioner's good behavior from making him eligible for early release from prison. Addonizio argued, and the district court agreed, that this warranted habeas relief because the change had upset the sentencing judge's expectation that Addonizio would be released after serving one-third of his sentence if he behaved well.

The Supreme Court disagreed: "The claimed error here -- that the judge was incorrect in his assumptions about the future course of [petitioner's] parole proceedings -- does not meet any of the established standards of collateral attack." 442 U.S. at 186. "[T]e change in the Parole Commission policies involved in this case. . . affected the way in which the court's judgment and sentence would be performed but it did not affect the lawfulness of the judgment itself -- then or now." *Id.* at 187.

Citing *Addonizio*, in *United States v. Jalili*, 925 F.2d 889 (6th Cir. 1991), the Sixth

2

Circuit reversed a district court's grant of the defendant's § 2255 motion finding that the sentencing judge's "expectations" as to the place of serving the sentence imposed are not enforceable. In *Jalili*, the district court designated a CCC as the place of incarceration. The Sixth Circuit agreed that such a "designation" (as opposed to a "recommendation") was erroneous. Nonetheless, the appellate court held that such an error did not give rise to 2255 attack: "Although the intentions of the district judge may have been thwarted by the wording of his original sentencing order. . ., it is improper to use collateral attack as a mechanism for ensuring that a judge's expectations are carried out." 925 F.2d at 894.

Just as in *Addonizo* and *Jalili*, Defendant here was sentenced based upon inaccurate assumptions about how his sentence could or would be carried out. However, because the sentence did not exceed what the law permits,[1] Section 2255 relief was not, and is not, available.

For all of these reasons,

IT IS HEREBY ORDERED that Defendant Blessing's § 2255 Motion to Vacate is DENIED.

s/Gerald E. Rosen<br>
Gerald E. Rosen<br>
United States District Judge

Dated: January 28, 2008

---

[1] Blessing's Guideline Sentencing Range was 12 to 18 months. *See* J&C p. 8.

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 28, 2008, by electronic and/or ordinary mail.

                                   s/LaShawn R. Saulsberry
                                   Case Manager